ALMON, Justice.
M.R.V. Enterprises, Inc., and Rajesh C. Patel appeal from a summary judgment entered against them in this action brought by Marriott Family Restaurants, Inc. (hereinafter “Marriott”), to recover amounts owed to it under a promissory note and a sublease.
The facts of this case are not complicated. On June 28, 1985, Marriott’s predecessor in interest, Howard Johnson Company, entered into a sublease agreement with Rajesh C. Patel and Vivek V. Vora whereby Howard Johnson Company was to lease to Patel and Vora a certain motel and restaurant located in Montgomery, Alabama.[1] That agreement consisted of a written sublease agreement and an addendum that, together, provided (1) that Patel agreed to purchase the fixtures, furnishings, and equipment located on the subject property from Howard Johnson Company for the sum of $265,000; (2) that Patel agreed to pay a minimum of rental payments in the amount of $70,400 per year for the motel and $19,500 for the restaurant; and (3) that *523 Patel granted to Howard Johnson Company a lien upon the fixtures, furnishings, and equipment.
In 1988 a dispute arose between Patel and Marriott that resulted in Patel’s executing on May 22, 1989, a promissory note payable to Marriott in the amount of $315,-281.68. This promissory note represented a renewal, extension, and consolidation of the accrued debt under the original sublease. Patel also signed a security agreement that granted Marriott a security interest in the furnishings, fixtures, and equipment that Patel had purchased from Marriott. Both the promissory note and the security agreement were signed by Patel in both his individual capacity and his capacity as the president of M.R.V. Enterprises, Inc.
Following an alleged default by Patel on the May 22, 1989, promissory note, Marriott filed this action, alleging breach of the promissory note and seeking injunctive relief to prevent Patel from disposing of any property covered by the security agreement. M.R.V. and Patel filed a counterclaim, alleging that, in violation of the sublease agreement between the parties, Marriott had unreasonably refused to consent to M.R.V. and Patel’s subleasing the motel and restaurant to a third party. Both sides filed motions for summary judgment. The trial court entered a summary judgment in favor of Marriott on both the complaint and the counterclaim.
M.R.V. and Patel first contend that the evidence that they submitted in opposition to Marriott’s summary judgment motion was sufficient to create a genuine issue of material fact regarding their counterclaim. Essentially, in that counterclaim M.R.V. and Patel contend that Marriott unreasonably withheld its permission from a proposal by Patel and M.R.V. to sublease the property and thereby caused damage to them by preventing them from discharging their obligations through the procurement of a suitable sublease.
“Rule 56, A.R.Civ.P., provides that in order to enter a summary judgment the trial court must determine: (1) that there is no genuine issue of material fact; and (2) that the moving party is entitled to a judgment as a matter of law. All reasonable doubts concerning the existence of a genuine issue of material fact must be resolved against the moving party. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990). Once the moving party makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant, who must go forward with evidence demonstrating the existence of a genuine issue of material fact. Grider v. Grider, 555 So.2d 104 (Ala.1989).
“Because this action was not pending on June 11, 1987, Ala.Code 1975, § 12-21-12, mandates that the nonmovant meet his burden by ‘substantial evidence.’ Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Under the substantial evidence test the nonmovant must present ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). More simply stated, ‘[a]n issue is genuine if reasonable persons could disagree.’ W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 481 (1982).”
Crockett v. Great-West Life Insurance Co., 578 So.2d 1290 (Ala.1991). Upon our review of the evidence submitted by M.R.V. and Patel, we find that they have failed to present substantial evidence of any unreasonableness on the part of Marriott.
The sublease included the following provision:
“The Sublessee shall not, without the prior written consent of the Sublessor, which consent shall not be unreasonably withheld, sell, assign, or mortgage this Sublease, nor sublet or license the whole or any part of the premises.”
After Marriott had filed this action, Patel sent Marriott a letter with a proposal by a third party to sublease the premises from *524 Patel. The proposal contemplated that Mariott would forgive 60% of the debt due under the promissory note and would reduce the monthly rent by one-third. Marriott replied by stating that it would consider an assignment by Patel but that it would not consent to a reduction of either the balance due or the monthly payment. Patel did not respond. The trial court did not err in holding that there was no genuine issue as to any material fact and that Marriott was entitled to a judgment as a matter of law on both the complaint and the counterclaim.
M.R.V. and Patel also contend that the trial court abused its discretion by awarding an attorney fee — that it says was excessive — in the amount of 15% of the secured promissory note and sublease. However, as Marriott has correctly pointed out, this second issue is not properly before this Court.
On August 30, 1990, the trial court entered a final judgment pursuant to Rule 54(b), Ala.R.Civ.P., in favor of Marriott on counts I and III of the complaint and on the counterclaim. On October 10, 1990, M.R.V. and Patel filed a notice of appeal specifically from the August 30, 1990, judgment. However, the judgment entered on August 30, 1990, did not include an award of an attorney fee. In fact, it was not until September 5, 1990, that the trial court held a hearing to determine a reasonable attorney fee to be awarded. “Where the appellant notices the appeal of a specified judgment only or a part thereof ..., this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal.” Threadgill v. Birmingham Board of Education, 407 So.2d 129, 132 (Ala.1981) (quoting C.A. May Marine Supply Co. v. Brunswick Corp., 649 F.2d 1049 (5th Cir.1981), cert. denied, 454 U.S. 1125, 102 S.Ct. 974, 71 L.Ed.2d 112 (1981)). The August 30, 1990, judgment from which M.R.V. and Patel have appealed contained no award of an attorney fee, and the issue of whether the subsequently awarded attorney fee was excessive is not before this Court.
The summary judgment entered by the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.

. Vivek V. Vora is not a party to this appeal; therefore, this opinion refers only to Patel as the sublessee.